```
FILED

JUN 1 3 2024

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY
```

1  TARA K. MCGRATH
   United States Attorney
2  Derek Ko
   Assistant U.S. Attorney
3  Florida Bar No. 83498
   Andrew Sherwood
4  Assistant U.S. Attorney
   California Bar No. 342419
5  New York Bar No. 4518106
   United States Attorney's Office
6  880 Front Street, Room 6293
   San Diego, CA 92101
7  Derek.Ko@usdoj.gov
   Andrew.Sherwood@usdoj.gov
8  Attorneys for the United States

9

## UNITED STATES DISTRICT COURT

10

### SOUTHERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,        Case No. 23-cr-2368-AJB

13              Plaintiff,
            v.                       PLEA AGREEMENT
14
    Sean Stevenson,
15
                Defendant.
16

17      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

18  AMERICA, through its counsel, Tara K. McGrath, United States Attorney,

19  and Derek Ko and Andrew Sherwood, Assistant United States Attorneys,

20  and Defendant Sean Stevenson, with the advice and consent of Dana

21  Grimes and Jay Temple, counsels for Defendant, as follows:

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Def. Initials

# I

## **THE PLEA**

A.   THE CHARGE

Defendant agrees to plead guilty to Count 1 of the Indictment, which charges Defendant with:

Count 1

> On or between April 9, 2023 and continuing through on or about October 24, 2023, within the Southern District of California and elsewhere, defendant Sean Stevenson, using any facility and means of interstate and foreign commerce, including cellular telephones and the internet, did knowingly attempt to persuade, induce, entice, and coerce an individual whom he believed was under the age of 18 to engage in any unlawful sexual activity for which a person could be charged with a criminal offense; in violation of Title 18, United States Code, Section 2422(b).

Defendant consents to the forfeiture allegations of the Indictment. Forfeiture is more fully described in the Forfeiture Addendum.

B.   DISMISSAL OF REMAINING COUNT

The Government agrees to (1) move to dismiss the remaining count without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charge unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

//

//

//

Def. Initials

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II

### NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1.   First, Defendant used a means or facility of interstate or foreign commerce to knowingly induce and entice an individual to engage in prostitution;

2.   Second, Defendant believed that the individual was under the age of 18;

3.   Third, that if the sexual activity had occurred, any person could have been charged with a criminal offense under the laws of the State of California. In California, it is a criminal offense to entice a person under 18 years of age into a house of ill fame, or of assignation, or elsewhere, for the purpose of prostitution.

4.   Fourth, Defendant did something that was a substantial step toward committing the crime.

#### Forfeiture

As to the forfeiture, Defendant understands the Government would have to prove by a preponderance of the evidence that the property(ies) it seeks to forfeit are property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense; and/or are property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

//

//

Def. Initials

3

1    B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

2         Defendant has fully discussed the facts of this case with defense

3    counsel. Defendant has committed each element of the crime and admits

4    that there is a factual basis for this guilty plea. The following facts

5    are true and undisputed:

6    1.   Between April 9, 2023 through April 16, 2023, Defendant used

7         a voice over internet (VOIP) line ending in x9414 to

8         negotiate by text message for commercial sex with an

9         individual that went by the name of Kash and who represented

10        to Defendant that she was 20 years old. From April 15, 2023

11        through April 16, 2023, Defendant offered Kash a fee to find

12        a female under the age of 18 for Defendant. In pertinent

13        part, Defendant stated to Kash the following:

14        a. "And I don't suppose you know in[sic] younger girls I could

15           pay u a premium for?"

16        b. "I pay u a finders fee and I pay her"

17        c. "The younger the better."

18        d. "Just keep it in mind if you come across any high school

19           age girls"

20        e. "Not young enough" (in response to Kash suggesting an 18

21           year old).

22   2.   Between October 2, 2023 and October 24, 2023, Defendant

23        continued to use the x9414 voice over internet (VOIP) line

24        to negotiate by text message for commercial sex with an

25        undercover officer (UC) whom Defendant believed to be Kash.

26        a. On October 2, 2023, Defendant responded "Oh shit, yes!"

27           when the UC stated that a 16 year old cousin was available

28           for commercial sex with Defendant.

Def. Initials _____

4

    b. Defendant continued to exchange messages with the UC during which Defendant negotiated for the following:

       i. $150 for a "bbbj" (bareback blow job, or oral copulation without a condom)

       ii. $100 for a hand job (manual genital stimulation)

       iii. A "car date" (a commercial sex encounter that occurs inside a vehicle)

       iv. The exchange continued on October 4, 2023 with Defendant stating "Ok. Well I'm interested in her for sure!"

    c. On October 17, 2023, Defendant messaged the UC "Do you still have a younger girl?" and again negotiated the exchange of $150 for "bbbj" with the 16 year old cousin.

    d. On October 23, 2023, Defendant re-engaged with the UC and confirmed that Defendant still wanted to meet with the 16 year old cousin for a commercial sex date. In pertinent part, Defendant stated the following to the UC:

       i. "Ok, and $150 for a cardate bbbj. No condom."

       ii. "Also, can you send a pic of your cousin please?" (lips emoji)

       iii. "Sexy pic"

    e. On October 24, 2023, Defendant exchanged messages with the UC to meet for the commercial sex date with the 16 year old cousin. The UC provided the address of 5380 El Cajon Blvd, San Diego CA to which Defendant asked "what is she wearing?" (in reference to the 16 year old cousin). Defendant also renegotiated the commercial sex date to be $140 for oral sex. On October 24, 2023, at approximately

Def. Initials

1   7:00 a.m., Defendant arrived at the location. Defendant
2   drove to a parking lot where Defendant had a full
3   unobstructed view of the meeting location. Defendant then
4   drove laps near an apartment complex behind the location
5   from where the UC told Defendant that the 16 year old
6   cousin would be arriving. Defendant was stopped and placed
7   under arrest. During the arrest, $140 was located in the
8   driver's side door storage area of Defendant's Mazda
9   Miata; and a black Samsung smart phone was located
10  underneath the driver's seat. When investigators called
11  the x9414 number, the black Samsung smartphone began to
12  ring. The incoming phone number that came up on the black
13  Samsung smartphone's screen was the one associated with
14  the UC account.

15  3.   Defendant's residence was subsequently searched.

16  [Lines 16-25 intentionally left blank.]                                    DK
    ...
17  ...
    ...
18  ...
    ...
19  ...
    ...
20  ...
    ...
21  ...
    ...
22  ...
    ...
23  ...
    ...
24  ...
    ...
25  ...

26  4.   The black Samsung smartphone and the VOIP line ending in
27       x9414 constituted means or facilities of interstate or
28       foreign commerce.

                                        Def. Initials

6

## III

## PENALTIES

The crime to which Defendant is pleading guilty carries the following maximum penalties:

A.   A mandatory minimum of 10 years in prison and a maximum of life in prison;

B.   a maximum $250,000 fine;

C.   a mandatory special assessment of $100;

D.   an additional mandatory special assessment of $5,000 in accordance with 18 U.S.C. § 3014, unless the Court finds defendant to be indigent;

E.   a term of supervised release of not less than 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

F.   Mandatory Restitution under 18 U.S.C. § 2429;

G.   Forfeiture of all property real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

H.   Registration as a sex offender under the Sex Offender Registration and Notification Act.*

Defendant understands that by pleading guilty defendant may become ineligible for certain federal benefits.

Def. Initials

7

1     *Defendant further understands, acknowledges and agrees to the
2  following concerning his sex offender registration: I am required to
3  register and keep my registration current in each of the following
4  jurisdictions: where I reside; where I am an employee; and where I am
5  a student.  I understand that the requirements for registration include
6  providing my name, my residence address, and the names and addresses
7  of any places where I am or will be an employee or a student, among
8  other information.  I further understand that the requirement to keep
9  the registration current including informing at least one jurisdiction
10  in which I reside, am an employee, or am a student not later than three
11  business days after any change of my name, residence, employment, or
12  student status.  I have been advised, and understand, that failure to
13  comply with these obligations subjects me to prosecution for failure
14  to register under federal law, 18 U.S.C. § 2250, which is punishable
15  by fine or imprisonment, or both.

16                              IV
             **DEFENDANT'S WAIVER OF TRIAL RIGHTS AND**
17              **UNDERSTANDING OF CONSEQUENCES**

18     This guilty plea waives Defendant's right at trial to:
19     A.   Continue to plead not guilty and require the Government to
20          prove the elements of the crime beyond a reasonable doubt;
21     B.   A speedy and public trial by jury;
22     C.   The assistance of counsel at all stages;
23     D.   Confront and cross-examine adverse witnesses;
24     E.   Testify and present evidence and to have witnesses testify
25          on behalf of Defendant; and,
26     F.   Not testify or have any adverse inferences drawn from the
27          failure to testify.
28  //

                                        Def. Initials

                              8

## V
## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
## PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY
## PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

Def. Initials X

9

1      D.    Defendant is pleading guilty because Defendant is guilty and
2           for no other reason.

### VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

### VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. **Defendant agrees to request that the Court order a presentence report**. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//
//
//

Def. Initials _____

1

## IX

2

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

3       This plea agreement is made pursuant to Federal Rule of Criminal

4   Procedure 11(c)(1)(B). The sentence is within the sole discretion of

5   the sentencing judge who may impose the maximum sentence provided by

6   statute. It is uncertain at this time what Defendant's sentence will

7   be. The Government has not made and will not make any representation

8   about what sentence Defendant will receive. Any estimate of the

9   probable sentence by defense counsel is not a promise and is not binding

10  on the Court. Any recommendation by the Government at sentencing also

11  is not binding on the Court. If the sentencing judge does not follow

12  any of the parties' sentencing recommendations, Defendant will not

13  withdraw the plea.

14

## X

15

### PARTIES' SENTENCING RECOMMENDATIONS

16      A.   SENTENCING GUIDELINE CALCULATIONS

17      Although the Guidelines are only advisory and just one factor the

18  Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,

19  the parties will jointly recommend the following Base Offense Level,

20  Specific Offense Characteristics, Adjustments, and Departures:

21

22      1.   Base Offense Level [§ 2G1.3(a)(3)]        28
        2.   Acceptance of Responsibility [§ 3E1.1]    -3

23      B.   ACCEPTANCE OF RESPONSIBILITY

24      Despite paragraph A above, the Government need not recommend an

25  adjustment for Acceptance of Responsibility if Defendant engages in

26  conduct inconsistent with acceptance of responsibility including, but

27  not limited to, the following:

28

Def. Initials

1          1.    Fails to truthfully admit a complete factual basis as

2                  stated in the plea at the time the plea is entered, or

3                  falsely denies, or makes a statement inconsistent with,

4                  the factual basis set forth in this agreement;

5          2.    Falsely denies prior criminal conduct or convictions;

6          3.    Is untruthful with the Government, the Court or

7                  probation officer; or

8          4.    Breaches this plea agreement in any way.

9    C.    <u>FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE</u>

10        <u>UNDER 18 U.S.C. § 3553</u>

11    The parties may request or recommend additional downward

12 adjustments, departures, or variances from the Sentencing Guidelines

13 under 18 U.S.C. § 3553. The Government may oppose any downward

14 adjustments, departures, or variances not set forth in Section X,

15 paragraph A above.

16    D.    <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

17    The parties have **no** agreement as to Defendant's Criminal History

18 Category.

19    E.    <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

20    The facts in the "factual basis" paragraph of this agreement are

21 true and may be considered as "relevant conduct" under USSG § 1B1.3

22 and as the nature and circumstances of the offense under 18 U.S.C.

23 § 3553(a)(1).

24    F.    <u>United States's RECOMMENDATION REGARDING CUSTODY</u>

25    The United States will recommend that Defendant be sentenced to

26 120 months in custody.

27 //

28 //

Def. Initials

G.   SPECIAL ASSESSMENT/FINE/RESTITUTION

1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.

In addition, unless the sentencing court finds the Defendant to be indigent, the parties also will jointly recommend that Defendant pay an additional special assessment in the amount of $5,000 per count of qualifying conviction, which shall not be payable until Defendant satisfies all outstanding fines, orders of restitution, and any other obligation in this case related to victim-compensation.   The Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.   Fine/Restitution

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected. However, the Government reserves the right to seek restitution on behalf of any victim under 18 U.S.C. § 2428.  Defendant agrees that if restitution is ordered by the Court under 18 U.S.C. § 2428, the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the count of conviction. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

Def. Initials

13

1    H.   SUPERVISED RELEASE

2         If the Court imposes a term of supervised release, Defendant will
3    not seek to reduce or terminate early the term of supervised release
4    without the express written consent of the Government and has fully
5    paid and satisfied any special assessments, fine, criminal forfeiture
6    judgment, and restitution judgment.

7                                    XI

8              **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

9         Defendant  waives  (gives  up)  all  rights  to  appeal  and  to
10   collaterally  attack  every  aspect  of  the  conviction  and  sentence,
11   including  any  forfeiture  or  restitution  order.   This  waiver  includes,
12   but is not limited to, any argument that the statute of conviction or
13   Defendant's prosecution is unconstitutional and any argument that the
14   facts  of  this  case  do  not  constitute  the  crime  charged.   The  only
15   exception  is  defendant  may  collaterally  attack  the  conviction  or
16   sentence on the basis that defendant received ineffective assistance
17   of counsel. If defendant appeals, the Government may support on appeal
18   the sentence or restitution order actually imposed.

19                                   XII

20               **BREACH OF THE PLEA AGREEMENT**

21        Defendant  and  Defendant's  attorney  know  the  terms  of  this
22   agreement and shall raise, before the sentencing hearing is complete,
23   any claim that the Government has not complied with this agreement.
24   Otherwise, such claims shall be deemed waived (that is, deliberately
25   not raised despite awareness that the claim could be raised), cannot
26   later be made to any court, and if later made to a court, shall
27   constitute a breach of this agreement.

28

Def. Initials _____

Defendant acknowledges, understands and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform may constitute a material breach of this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.  Failing to plead guilty pursuant to this agreement;
2.  Failing to fully accept responsibility as established in Section X, paragraph B, above;
3.  Failing to appear in court;
4.  Attempting to withdraw the plea;
5.  Failing to abide by any court order related to this case;
6.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea.

Def. Initials

15

Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charges that are the subject of this plea agreement or any charges that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native

Def. Initials

16

1  language). Defendant has discussed the terms of this agreement with
2  defense counsel and fully understands its meaning and effect.

3                                    XV

4                    DEFENDANT SATISFIED WITH COUNSEL

5      Defendant has consulted with counsel and is satisfied with
6  counsel's representation. This is Defendant's independent opinion, and
7  Defendant's counsel did not advise Defendant about what to say in this
8  regard.

9                                    TARA K. MCGRATH
                                     United States Attorney
10     May 20, 2024
11 DATED
                                     DEREK KO
12                                   ANDREW SHERWOOD
                                     Assistant U.S. Attorneys
13
    5/17/2024
14 DATED
                                     DANA GRIMES
15                                   JAY TEMPLE
                                     Defense Counsel
16 **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
   PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE
17 ARE TRUE.**
18
    5/17/2024
19 DATED
                                     SEAN STEVENSON
20                                   Defendant
21
22
23
24
25
26
27
28
                                                  Def. Initials _____

                            17